
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LARRY I. NEWKIRK; RUTH A. NEWKIRK,<br><br>              Plaintiffs,<br><br>   and<br><br>DAVID EGILMAN,<br><br>              Witness - Appellant,<br><br>   v.<br><br>CONAGRA FOODS INC., a Delaware corporation; CHR HANSEN INC.,<br><br>              Defendants - Appellees. | No. 10-35667<br><br>D.C. No. 2:08-cv-00273-RMP<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, Chief District Judge, Presiding

Submitted August 30, 2012**
Seattle, Washington

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: SCHROEDER and GOULD, Circuit Judges, and FRIEDMAN, Senior District Judge.[***]

Appellant, Dr. David Egilman, was a proposed expert witness for plaintiffs Larry and Ruth Newkirk in a toxic tort action against ConAgra and Chr. Hansen, Inc. ("Defendants"). Defendants filed joint motions to exclude Dr. Egilman's testimony. The district court granted the motions and also entered summary judgment for Defendants. Egilman appeals the exclusion of his testimony, claiming that the district court abused its discretion by using defamatory language in its order.

We have allowed nonparty appellate standing "only when (1) the appellant, though not a party, participated in the district court proceedings, and (2) the equities of the case weigh in favor of hearing the appeal." *Hilao v. Estate of Marcos*, 393 F.3d 987, 992 (9th Cir. 2004) (quoting *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 804 (9th Cir. 2002)). Appellant's participation in the district court consisted of filing reports in his capacity as an expert. His participation was not akin to party participation. He did not file papers objecting to the order excluding his testimony. He did not argue the legal merits of the motion to exclude his

---

[***] The Honorable Paul L. Friedman, Senior District Judge for the U.S. District Court for the District of Columbia, sitting by designation.

testimony.  *See, e.g.*, *Commodity Futures Trading Comm'n v. Topworth Int'l, Ltd.*, 205 F.3d 1107, 1113–14 (9th Cir. 1999).

Egilman did not satisfy the first element that we said in *Hilao* was important for nonparty appellate standing.  Nor do we see any other reason here to depart from the general rule that only a party to a proceeding who receives an adverse ruling may appeal.  We conclude that Egilman does not have standing to appeal the district court's order, that we lack jurisdiction, and that this appeal should be dismissed.

DISMISSED.